UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DB STRUCTURED PRODUCTS, INC.,　　　　　　07 Civ. 4125 (ECF)
　　　　　　　　　　　　　　　　　　　　　　　(DC)

　　　　　　　　　　　　　　　　　　　　　　**ANSWER WITH**
　　　　　　　　　　　　　　　　　　　　　　**COUNTERCLAIM**
　　　　　　　Plaintiff
　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT DEMANDS**
　　　　　　　　　　　　　　　　　　　　　　**A TRIAL BY JURY**


vs.


TRANSNATIONAL FINANCIAL NETWORK, INC..,

　　　　　　　Defendant.
-----------------------------------------------------------------X

　　Defendant, Transnational Financial Network, Inc. (the "Defendant" or "Transnational"), by its attorney, Michael A. DiChiaro, P.C. answers the complaint as follows. Any allegation not specifically responded to is hereinafter denied.

1. Defendant admits the allegations set forth in paragraphs 4, and 5 of the complaint.

2. Defendant denies the allegations set forth in paragraphs 11,12, 13, 14, 16, 17, 19, 20, 21, 23, 24, 25, 26, 28, 30, 31, 34, 35, 36, 37, 38, 39, 43, 44, 46, 47,and 48 of the Complaint.

3. Defendant admits that it received the letter attached as Exhibit 3 to the complaint and denies all other allegations set forth in paragraph 15 of the complaint.

4. Defendant admits that received the letter attached as Exhibit 3 to the complaint and denies all other allegations set forth in paragraph 29 of the complaint.

5. Defendant admits that it received consideration for certain mortgage loans as alleged in paragraph 10. Defendant denies all other allegations set forth in paragraph 10 of the complaint.

6. Defendant admits that it received consideration in connection with certain loans that Plaintiff characterizes as "Early Default Payment Loans" as alleged in paragraph 33 of the complaint, but denies that such loans in fact constitute Early Default Payment Loans as that term is defined in the agreements between the parties. Defendant denies all other allegations contained within paragraph 33 of the complaint.

7. Defendant submits that no response is necessary with respect to the allegations contained within paragraphs 27, 32, 36 and 40 of the complaint, as they are summary in nature, but to the extent that a response is required, the Defendant repeats and realleges its prior responses that correspond to these allegations.

8. Defendant denies sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth in paragraphs 3, 18 and 44 of the complaint.

9. Defendant states that the allegations contained in paragraphs 1, 2, 6, 7, 8, 9, 22, 41 and 42 present questions of law, and refer to agreements and other documents, which contain numerous terms all of which are respectfully submitted to this Court for determination. To the extent a responsive pleading is required, these allegations are denied.

10. Defendant admits that it is able to continue to perform under the Agreements and Seller Guide as alleged in paragraph 45 of the complaint. Defendant denies the obligation to repurchase the Early Payment Default Loans and all other allegations contained within paragraph 45 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

11.. Plaintiff's claim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

12. Plaintiff's claim is barred based on the doctrine of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

13. Plaintiff's claim is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

14. The Plaintiff first breached the parties' contract, and this breach excused the Defendant from further performance of the contract.

### FIFTH AFFIRMATIVE DEFENSE

15. Plaintiff's damages, if any, were caused by their own negligent or intentional conduct.

### SIXTH AFFIRMATIVE DEFENSE

16. Plaintiff's damages, if any, were caused by their failure to mitigate.

### SEVENTH AFFIRMATIVE DEFENSE

17. Plaintiff's damages, if any, were caused by the negligent or intentional acts of one or more other persons acting on Plaintiff's behalf.

### EIGHTH AFFIRMATIVE DEFENSE

18. Plaintiff or its agents modified the terms of the mortgage loans with the original mortgagee so as to substantially impair the mortgage loans sufficient to void any obligation of the Defendant to repurchase the mortgages under the agreement.

### NINTH AFFIRMATIVE DEFENSE

19. This action should be dismissed on the ground of forum *non-conveniens.*

### TENTH AFFIRMATIVE DEFENSE

20. Due to the actions, deliberate or negligent, of the Plaintiff or its agents, mortgage loans listed in Exhibit 1 are not Early Payment Default Loans as Plaintiff characterizes and alleges.

### ELEVENTH AFFIRMATIVE DEFENSE

21. The Plaintiff modified the parties' agreement such that the Defendant was released from any repurchase obligation on some or all of the loans listed in Exhibit 1.

### TWELFTH AFFIRMATIVE DEFENSE

22. Plaintiff agreed that at least one or more of the loans listed in Exhibit 1 are not subject to an Early Payment Default Loan repurchase obligation.

### THIRTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred or otherwise diminished on the ground that the parties reached an accord and satisfaction.

### AS AND FOR A FIRST COUNTERCLAIM

24. Repeats and realleges the allegations set forth in paragraph one through twenty-three as though fully set forth herein.

25. Pursuant to the parties' agreement, the Plaintiff was obligated to purchase one or more mortgages originated by the Defendant, which were offered to it by the Defendant and which Plaintiff agreed to purchase.

26. Plaintiff breached the agreement by failing or otherwise refusing to purchase one or more mortgages, which it had agreed to purchase and by otherwise failing to honor the agreement and its commitments.

27. As a consequence of Plaintiff's act(s) and/or omission(s), Defendant suffered damages to be determined at trial, but in no event less than $30,000.

**WHEREFORE**, the Defendant, Transnational Financial Network, Inc..

respectfully requests that this Court issue an order:

1) Dismissing Plaintiff's complaint in its entirety;

2) Ordering and determining that Defendant had no obligation to repurchase some or all of the mortgage loans listed in Exhibit 1 of the complaint;

3) Granting judgment to Defendant on its First counterclaim in an amount to be determined at trial but in no event less than $30,000 together with interest, costs, disbursements and attorney's fees;

4) Awarding Defendant costs, disbursements and attorneys' fees associated with this action and such other and further relief as the Court deems just and appropriate.

Dated: Suffern, New York
       July 19, 2007

                        Michael A. DiChiaro, P.C.

                        By: _____
                          Michael A. DiChiaro (MAD 8686)
                        Attorneys for Defendant
                        Transnational Financial Network, Inc.
                        One Executive Boulevard
                        Suite 201
                        Suffern, New York 10901
                        (845) 368-9797